[Cite as *State v. Barney*, 2017-Ohio-1209.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| -vs- | : | **CASE NO. 2017-P-0002** |
| JERRY L. BARNEY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Court of Common Pleas, Case No. 2009 CR 00761.

Judgment:  Appeal dismissed.

*Victor V. Vigluicci,* Portage County Prosecutor, 241 South Chestnut Street, Ravenna, OH  44266 (For Plaintiff-Appellee).

*Jerry L. Barney,* pro se*,* PID:  A591-734, Toledo Correctional Institution, 2001 East Central Avenue, Toledo, OH  43608 (Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1}   On January 5, 2017, appellant, pro se, filed a notice of appeal.  In the description of the entry being appealed, appellant wrote in:  "ineffective assistance of counsel/lack of evidence/no credible witness/witness will to recant."  There was no judgment entry date noted, and no judgment entry from the trial court was attached to the notice of appeal as required by the appellate rules.

{¶2} A review of the docket reflects that appellant was sentenced to life in prison for his offenses of aggravated murder and aggravated robbery on August 30, 2010.

{¶3} Loc.R. 3(D)(2) of the Eleventh District Court of Appeals states:

{¶4} "The appellant shall attach to the Notice of Appeal a copy of the judgment entry or entries being appealed. Appellant's failure to attach a copy of the judgment entry or entries may result in the dismissal of the appeal sua sponte and without notice."

{¶5} App.R. 4(A)(1) states in relevant part:

{¶6} "* * * [a] party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry. * * *."

{¶7} App.R. 5(A) states:

{¶8} "(1) After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:

{¶9} "(a) Criminal proceedings;

{¶10} "(b) Delinquency proceedings; and

{¶11} "(c) Serious youthful offender proceedings.

{¶12} "(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. * * *."

{¶13} In the present case, appellant failed to attach a copy of the judgment entry from which he appeals. Additionally, if he is appealing the August 30, 2010 sentencing

2

entry, his notice of appeal was filed beyond the thirty-day rule set forth in App.R. 4(A)(1), and he has not sought leave to appeal under App.R. 5(A). Appellant should also state his reasons for not filing his appeal within the 30-day time limit. Thus, this court is without jurisdiction to consider this appeal.

{¶14} Accordingly, this appeal is hereby sua sponte dismissed.


CYNTHIA WESTCOTT RICE, J.,

TIMOTHY P. CANNON, J.,

concur.